THE FLOWERGATE.

SLOAN *v.* THE FLOWERGATE.

*(District Court E. D. New York.    April 7, 1887.)*

SHIPS AND SHIPPING—LIABILITY FOR PERSONAL INJURY.
    The use of an eye-bolt, apparently sufficient for the purpose to which it is applied, but in reality insufficient solely because of a latent defect, entails no liability for a personal injury caused by such defect.

Libel for personal injury to a grain-trimmer while engaged in rigging the tackle preparatory to stowing a cargo of grain, occasioned by the

breaking of an eye-bolt, set in the deck, to which a block was attached, and in use for the purpose of moving the vessel along the dock. After the bolt broke a latent defect was disclosed below where it was counter-sunk in the deck.

*James Troy* and *John J. Allen*, for libelant.

*E. B. Convers*, for claimant.

BENEDICT, J. The evidence is not sufficient to justify finding as a fact that the condition of the eye-bolt, when it was put to use at the time the plaintiff was injured through its giving way, was such as to inform anyone of the fact that the bolt was already partly broken off. The eye was counter-sunk in the deck, and the old break was below the upper sur-face of the deck. This location rendered the defect in truth latent. The use of an eye-bolt, apparently sufficient, but in reality insufficient solely because of a latent defect, entails no liability for damages caused by such defect.

The libel must be dismissed, with costs.